But
the Couet
overruled the objection.
The Coret, at the prayer of the defendant’s counsel, instructed the jury that, if they should be satisfied by the evidence, that a partnership existed between the plaintiff and the defendant in regard to the transactions upon which this action is founded, the plaintiff cannot recover unless a balance was struck by the parties, and the defendant promised to pay it; and that the articles of agreement read in evidence, were evidence of such a partnership.
Verdict for the defendant.
Motion, by the plaintiff’s counsel, for a new trial, on the ground of error in law in the opinions and instructions of the Court.
At October term, 1823, the motion came on to be heard, and the point principally urged was, that the articles of agreement, read in evidence, were not evidence of a partnership in the brick-making business.
By these articles, the plaintiff rents to the defendant, certain brickkilns, sheds, and yards, and his right to clay, and one half of his right to use a certain patented machine for making front bricks. Each party was to furnish an equal quantity of tools, implements, and labor, and to pay for one half of improvements to the kilns, sheds, &c. The defendant was to work the yard to every advantage, with eight gangs; to pay the plaintiff $200, fox one half of his right to use the patented machine; to keep an accurate account, with vouchers, of all expenses, and of all bricks sold, and-to pay the plaintiff, as rent for the kilns, sheds, &c., one half of the net profits resulting from the brick-making business, to be paid from time to time out of the sales of bricks, and to be charged to him, and brought into the ultimate settlement of each year’s business; which settlements were to be made on the 20th of December of each year. The agreement was to continue as long as the plaintiff should have a right to work the clay, under his agreement with the Corporation of Washington, but either party might withdraw at the end of any year.
To show that these articles did not constitute a partnership in the brick-making business, Mr. Lear, for the plaintiff, cited *404 Hesketh v. Blanchard, 4 East, 144; and Hoare v. Dawes, Doug. 371.
But the CouRT
(Thruston, J., absent,)
was still of opinion that the articles constituted a partnership between the plaintiff and defendant, and overruled the motion for a new trial.
Judgment for the defendant.-